**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOSEPH J. CAMPBELL,

      Plaintiff,

         v.

WEST PITTSTON BOROUGH, RALPH
ZEZZA, CARL ROSENCRANCE, RAY
RAMAGE, JOSEPH DELUCCA, DREW
SMITH and WILLIAM ROWE,

      Defendants.

CIVIL ACTION NO. 3:06-CV-0387

(JUDGE CAPUTO)

## MEMORANDUM

      Presently before the Court is Defendants West Pittston Borough, Ralph Zezza,

Carl Rosencrance, Ray Ramage, Joseph Delucca, Drew Smith and William Rowe's

Motion to Dismiss (Doc. 10).  For the reasons set forth below, the Court will grant

Defendants' motion in part and deny it in part.  The Court has jurisdiction over this matter

pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## BACKGROUND

      Plaintiff Joseph J. Campbell was employed by the Police Department in the

Borough of West Pittston ("Police Department") for twenty-two (22) years.  (Doc. 1 ¶ 13.)

On February 1, 2005, at a meeting of the Borough Council for the Borough of West

Pittston ("Council"), Defendants voted to terminate Plaintiff from his employment with the

Police Department due to alleged misconduct.  (Doc. 1 ¶ 23.)  In particular, Plaintiff was

alleged to have been working part-time at a second job with Century Security Services,

1

Inc., in his off duty hours.  (Doc. 1 ¶ 24.)   Plaintiff asserts that the Borough of West

Pittston did not have a policy concerning working during off duty hours.  (Doc. 1 ¶ 25.)  At

all times relevant, Plaintiff was forty-two (42) years of age and the oldest member of the

Police Department.  (Doc. 1 ¶¶ 14-15.)

Prior to Plaintiff's termination, on September 7, 2004, Defendants Rowe,

Rosencrance, Ramage, Delucca and Smith caused a Praecipe and Summons to be filed

in the Court of Common Pleas of Luzerne County.  (Doc. 1 ¶ 16.)  Pursuant to the

Praecipe and Summons, these Defendants caused a subpoena to be issued to Century

Security Services, Inc., demanding release of any and all wage records pertaining to

Plaintiff.  (Doc. 1 ¶ 17.)

Then, by letter dated November 5, 2004, Defendant Zezza ordered Plaintiff to be

present at a Council meeting to discuss the alleged concerns of misconduct.  (Doc. 1 ¶

19.)  On December 8, 2004, Defendant Rowe sent Plaintiff a letter placing him on paid

administrative leave.  (Doc. 1 ¶ 20.)  On January 11, 2005, Defendant Rowe sent Plaintiff

another letter notifying him that he was subject to disciplinary action.  (Doc. 1 ¶ 21.)

Finally, on January 26, 2005, Defendant Rowe sent Plaintiff a letter notifying him that he

had been suspended without pay and recommending that he be terminated from his

position with the Police Department.  (Doc. 1 ¶ 22.)

Following Plaintiff's termination at the February 1, 2005 meeting, Plaintiff was

replaced by younger individuals under the age of forty (40).  (Doc. 1 ¶ 28.)

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of

a complaint, in whole or in part, for failure to state a claim upon which relief can be

2

granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint."  *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.,* 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions."  *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *See id.*  In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**1.**   **Section 1983**

    **a.**   **Fourteenth Amendment**

Defendants first seek dismissal of Plaintiff's § 1983 claims based on violations of the substantive due process component of the Fourteenth Amendment on the basis that Plaintiff has failed to identify a fundamental right, at issue, entitled to substantive due process protection.  Plaintiff counters that the present case involves a fundamental property right, the right to privacy, the right to be free from abusive use of process, and the right to be free from slander and libel.  I find that none of the rights articulated by Plaintiff in the Complaint are fundamental rights entitled to substantive due process protection.

Notably, public employment, the property right at issue in the present case, is not a fundamental property interest entitled to substantive due process protection.  *See Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000).  Further, there are two clearly identifiable zones of privacy which have been afforded protection under substantive due process:  (1) one's interest in avoiding the disclosure of personal matters; and (2) the right to autonomy and independence in personal decision-making. *Whalen v. Roe,* 429 U.S. 589, 599-600 (1977).   As noted by the Third Circuit Court of Appeals, "[c]ases in the latter category describe the liberty interests in matters relating to marriage, procreation, contraception, family relationships, and child rearing and education." *Doe v. Delie*, 257 F.3d 309, 317 n.5 (3d Cir. 2001).  None of these privacy issues are raised in the Complaint in the present case.  Furthermore, the other "rights"

4

articulated by Plaintiff cannot be deemed fundamental rights and, as such, also do not fall

within the protections of the substantive component of the due process clause.

Therefore, I will grant Defendants' motion with regard to Plaintiff's § 1983 claims based

on violations of the substantive due process component of the Fourteenth Amendment.

### b.     First Amendment

Defendants, next, seek dismissal of Plaintiff's § 1983 claims based on the First

Amendment because Plaintiff has failed to allege that he engaged in an activity protected

under the First Amendment.  Plaintiff counters that freedom from libel is on of the

protections under the First Amendment.  I find Plaintiff's argument to be unpersuasive.

In the present case, Plaintiff has failed to allege that his associational or speech

rights under the First Amendment were infringed, or that he was retaliated against for

engaging in a protected First Amendment activity.  *See, e.g., Baldassare v. New Jersey,*

250 F.3d 188, 194 (3d Cir. 2001).  As such, Plaintiff has failed to state a claim for which

relief may be granted under § 1983 with respect to violations of the First Amendment.

Therefore, I will grant Defendants' motion in this regard.

### c.     Fourth Amendment

The Fourth Amendment provides that "the right of the people to be secure in their

persons, houses, papers, and effects, against unreasonable searches and seizures, shall

not be violated."  U.S. Const. amend. IV; *Kyllo v. United States*, 533 U.S. 27, 31 (2001).

Defendants argue that Plaintiff fails to state a § 1983 claim upon which relief may

be granted with regard to violations of the Fourth Amendment.  Particularly, Defendants

argue that Plaintiff fails to allege that he was unreasonably searched or seized.  Plaintiff

counters that he has sufficiently alleged that his records of employment, which were private to him, were improperly seized by the Defendants.  I find that, reading the Complaint in the light most favorable to Plaintiff, Plaintiff has alleged enough to entitle him to submit evidence in support of his claim that he had a reasonable expectation of privacy in his records of employment, which were allegedly seized.  As such, I will deny Defendants' motion with regard to Plaintiff's § 1983 claim alleging violations under the Fourth Amendment.

> **d.      Fifth Amendment - Due Process**

Plaintiff acknowledges that he is not pursuing claims under the Fifth Amendment. Therefore, Defendants' motion will be granted insofar as it seeks dismissal of any § 1983 claims regarding the Fifth Amendment.

**2.      Section 1985(3) - Conspiracy**

In order to state a claim under section 1985(3), Plaintiff must allege: "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons . . . [of] the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Ridgewood Bd. of Educ. v. N.E. ex rel M.E.*, 172 F.3d 238, 253-54 (3d Cir. 1999) (quoting *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997)); *see also Griffin v. Breckenridge,* 403 U.S. 88, 102-03 (1971).  Thus, a claim under section 1985(3) requires that there must be "some racial, or perhaps other class-based, invidiously discriminatory animus behind the conspirators' action." *United Bhd. of Carpenters v. Scott*, 463 U.S. 825, 834 (1983).

At the heart of a §1985(3) claim is racial animus or discriminatory motive. Defendants argue that Plaintiff has failed to allege membership in a class protected under §1985(3) and, in addition, Plaintiff has failed to allege that Defendants' actions

were directed at him because of such membership in a protected class.  Plaintiff counters that he qualifies as a member of a protected class because of his age, over forty (40), for purposes of §1985(3).

The Third Circuit Court of Appeals has not ruled explicitly on the whether age constitutes a protected class for the purposes of a §1985(3) claim, but rather has held that § 1985 protects individuals from discrimination on the basis of traits for which they bear no responsibility, such as race or gender.  *See Carchman v. Korman Corp.*, 594 F.2d 354, 356 (3rd Cir. 1979), *cert. denied* 444 U.S. 898 (1979); *St. Germain v. Pennsylvania Liquor Control Bd.*, 2000 U.S. Dist. LEXIS 334, at *38 (E.D. Pa. 2000).

Even assuming Plaintiff is a member of a protected class, however, Plaintiff has failed to allege a conspiracy motivated by a class-based discriminatory animus.  Plaintiff asserts only that "Defendants. . . agreed to institute an action. . .solely for the purpose of utilizing the action to issue a subpoena to an employer of the Plaintiff constituting invasion of privacy and abuse of process."  (Doc. 1 ¶ 34.)  Reading the Complaint in the light most favorable to Plaintiff, I cannot find that Plaintiff has stated a claim under §1985(3).  Therefore, Defendants' motion will be granted with regard to Plaintiff's claim under §1985(3).

**3.      Official Capacity Claims**

Plaintiff also acknowledges that he is not pursuing Defendants in their official capacity.  Therefore, Defendants' motion will be granted to the extent it seeks dismissal of any official capacity claims.

**4.      State Law Claims**

Plaintiff's Complaint includes a state law claim of intentional infliction of emotional distress.  Defendants assert that Plaintiff has failed to state a claim upon which relief may be granted for with respect to this claim.  For the following reasons, I agree.

### a.    Intentional Infliction of Emotional Distress

In order to recover for intentional infliction of emotional distress, a plaintiff must show:  (1) extreme and outrageous conduct; (2) which was either intentional or reckless; and (3) which caused severe emotional distress.  *Wisniewski v. Johns-Manville Corp*., 812 F.2d 81, 85 (3d Cir. 1987) (citing *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1274 (3d Cir. 1979) (en banc)).  Outrageous conduct is that which goes beyond all possible bounds of decency, so as to be regarded as atrocious and utterly intolerable in a civilized community.  *Id.* (citing *Jones v. Nissenbaum, Rudolph, & Seidner*, 368 A.2d 770, 773 (Pa. Super. Ct. 1976) (citations omitted).  The Court must determine, in the first instance, whether the alleged conduct could reasonably be regarded as so extreme and outrageous as to permit recovery.  *Jones*, 368 A.2d at 774.

In this case, Plaintiff claims that Defendants improperly acquired his employment records and that he was unjustly terminated from his employment.  Even reading the Complaint in the light most favorable to Plaintiff, Defendants' alleged conduct cannot be regarded as so extreme and outrageous as to permit recovery.  Therefore, I will grant Defendants' motions to dismiss with regard to this claim.

### CONCLUSION

First, none of the rights articulated in the Complaint constitute fundamental rights entitled to substantive due process protection.  As such, I will grant Defendants' motion with regard to Plaintiff's § 1983 claims based on violations of the substantive due process component of the Fourteenth Amendment.

Second, Plaintiff has failed to allege that his associational or speech rights under the First Amendment were infringed, or that he was retaliated against for engaging in a protected First Amendment activity.  As such, Plaintiff has failed to state a claim for which relief may be granted under § 1983 with respect to violations of the First Amendment.

Third,  reading the Complaint in the light most favorable to Plaintiff, Plaintiff has alleged enough to entitle him to submit evidence in support of his claim that he had a reasonable expectation of privacy in his records of employment, which were allegedly seized.  As such, I will deny Defendants' motion with regard to Plaintiff's § 1983 claim alleging violations under the Fourth Amendment.

Next, Plaintiff acknowledges that he is not pursuing claims under the Fifth Amendment.  Therefore, Defendants' motion will be granted insofar as it seeks dismissal of any § 1983 claims regarding the Fifth Amendment.

Further, at the heart of a §1985(3) claim is racial animus or discriminatory motive. Reading the Complaint in the light most favorable to Plaintiff, Plaintiff has failed to allege a conspiracy motivated by a class-based discriminatory animus.  Therefore, Defendants' motion will be granted with regard to Plaintiff's claim under section 1985(3).

In addition, Plaintiff acknowledges that he is not pursuing Defendants in their official capacity.  Therefore, Defendants' motion will be granted to the extent it seeks dismissal of any official capacity claims.

Lastly, reading the Complaint in the light most favorable to Plaintiff, Defendants' alleged conduct cannot be regarded as so extreme and outrageous as to permit recovery.  Therefore, I will grant Defendants' motions to dismiss with regard to Plaintiff's claim for intentional infliction of emotional distress.

An appropriate Order will follow.

July 10, 2006                              /s/ A. Richard Caputo
                                           A. Richard Caputo
                                           United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH J. CAMPBELL,

     Plaintiff,

        v.

WEST PITTSTON BOROUGH, RALPH
ZEZZA, CARL ROSENCRANCE, RAY
RAMAGE, JOSEPH DELUCCA, DREW
SMITH and WILLIAM ROWE,

     Defendants.

CIVIL ACTION NO. 3:06-CV-0387

(JUDGE CAPUTO)

## ORDER

**NOW**, this 10th  day of July, 2006, **IT IS HEREBY ORDERED** that Defendants

West Pittston Borough, Ralph Zezza, Carl Rosencrance, Ray Ramage, Joseph Delucca,

Drew Smith and William Rowe's Motion to Dismiss (Doc. 10) is **GRANTED in part** and

**DENIED in part**:

    1.    Defendants' motion is **GRANTED** insofar as it seeks dismissal of:

        a.    Plaintiff's § 1983 claims based on violations of the:

            (1)    Substantive due process component of the
                    Fourteenth Amendment;

            (2)    First Amendment; and

            (3)    Fifth Amendment.

        b.    Plaintiff's section 1985(3) conspiracy claims;

        c.    All claims against Defendants in their official capacities; and

        d.    Plaintiff's state law claim for intentional infliction of emotional
            distress.

    2.    Defendants' motion is **DENIED** insofar as it seeks dismissal of:

      a.      Plaintiff's § 1983 claims based on violations of the:

           (1)     Fourth Amendment.


/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge