# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH J. CAMPBELL, | |
| Plaintiff, | CIVIL ACTION NO. 3:06-CV-0387 |
| v. | (JUDGE CAPUTO) |
| WEST PITTSTON BOROUGH, RALPH ZEZZA, CARL ROSENCRANCE, RAY RAMAGE, JOSEPH DELUCCA, DREW SMITH and WILLIAM ROWE, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is the Motion for Reconsideration of Defendants West Pittston Borough, Ralph Zezza, Carl Rosencrance, Ray Ramage, Joseph Delucca, Drew Smith and William Rowe (Doc. 42).  Defendants move the Court to reconsider its Memorandum and Opinion of December 28, 2007 (Doc. 41) to the extent it denied Defendants' motion for summary judgment on Plaintiff's Fourteenth Amendment procedural due process claims against the Borough.  (Doc. 42.)  Because a state-created procedural right, in and of itself, is not entitled to constitutional protection, I will grant Defendants' motion.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  The motion is fully briefed and ripe for disposition.

## **BACKGROUND**

Plaintiff Joseph J. Campbell, a police officer in the Borough of West Pittston Police Department ("Police Department") since 1982, brought this action alleging a number of

1

constitutional and statutory claims arising out of his termination and related events, against Defendants West Pittston Borough, Ralph Zezza, William Rowe, Ray Ramage, Drew Smith, Carl Rosencrance, and Joseph Delucca.  (Mem. & Order, Doc. 41, at 2.)

The evidence on the record at the summary judgment stage, viewed in the light most favorable to the Plaintiff, demonstrated that on September 7, 2004, prior to Plaintiff's termination, Defendants Rowe, Rosencrance, Ramage, Delucca and Smith caused a Praecipe and Summons to be filed against Plaintiff in the Court of Common Pleas of Luzerne County.  (Doc. 41, at 2-3.)   Pursuant to the Praecipe and Summons, these Defendants caused a subpoena to be issued to Century Security Services, Inc., Plaintiff's other employer, demanding release of any and all wage records pertaining to Plaintiff.  (*Id.*)  In doing so, the Defendants failed to notify Plaintiff of the subpoena and to give him an opportunity to object to its issuance and have a court rule on his objection, as required by Pennsylvania Rule of Civil Procedure 4009.21.  (*Id.* at 11.)  As described more fully in my December 28, 2007 Memorandum and Order, I found that based on these events, questions of material fact existed as to whether the Borough had deprived Plaintiff of a protected property interest without due process of law, in violation of the Fourteenth Amendment.  (*See* Doc. 41, at 10-15.)  Defendants now move the Court to reconsider this decision.  Their motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten

days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

**DISCUSSION**

Defendants submit that I committed error of law in finding that Pennsylvania Rule of Civil Procedure 4009.21 provided Plaintiff with a constitutionally protected property interest. (Doc. 42.) I concluded, based on *Town of Castle Rock v. Gonzales,* 545 U.S.

748 (2005), and *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1 (1978)), that "[t]o create a protected property interest ... the rule of civil procedure on which Plaintiff relies must both confer a benefit on Plaintiff and entitle him to that benefit by constraining the discretion of decisionmakers." (Doc. 41, at 14.) I found that Rule 4009.21 conferred a clearly defined benefit on Plaintiff, namely, the opportunity to object to a subpoena to produce documents and things, and to have a judge rule on such objections, before the subpoena is issued on a third party. The rule also constrained the discretion of the Borough because rules of civil procedure are mandatory for litigants. (*Id.*).

Defendants now submit that my reading of *Castle Rock* and *Memphis Light* was in error. Specifically, Defendants point to the concurring opinion of Justice Souter in *Castle Rock*, which stated that the plaintiff's claim to "a property interest in a state-mandated process in and of itself [was] ... at odds with the rule that 'process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement.'" 545 U.S. at 771 (Souter, J., concurring) (quoting *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)). Justice Souter noted that a state does not "create a property right merely by ordaining beneficial procedure unconnected to some articulable substantive guarantee." *Id.* He continued, "[t]his is not to say that state rules of executive procedure may not provide significant reasons to infer an articulable property right meant to be protected; but it is to say that we have not identified property with procedure as such." *Id.* at 771-72. Rather, "in every instance of property recognized by this Court as calling for federal procedural protection, the property has been distinguishable from the procedural obligations imposed on state officials to protect it."

4

*Id.* at 772.

As I read the majority opinion in *Castle Rock,* the lack of a property interest there turned primarily on two (2) factors not present in the current case: (1) the Supreme Court's finding that police officers were afforded discretion in enforcing restraining orders and (2) that the claimed benefit of having police enforce a restraining order was too "vague" to be enforceable.  *See* 545 U.S. at 762-64 (majority opinion).  On further review, however, the Supreme Court cited Justice Souter's opinion approvingly, while rejecting an argument the dissent put forward: that the benefit claimed by the plaintiff was not vague because even in those situations when arrest is impractical, the state law required officers to seek an arrest warrant.  *Id.* at 764.  In rejecting this argument, the Supreme Court stated that such a benefit "would be an entitlement to nothing but procedure - which we have held inadequate even to support standing, much less can it be the basis for a property interest."  *Id.* (citation omitted).  The entitlement to have police seek an arrest warrant "is not the sort of 'entitlement' out of which a property interest is created," in part because "[a]fter the warrant is sought, it remains within the discretion of a judge whether to grant it."  *Id.*

Defendants also point to *District Counsel 33, Am. Fed. of State County and Municipal Employees, AFL-CIO v. City of Philadelphia*, in which city employees argued that state law gave them a protected property interest in being promoted on the basis of merit selection procedures.  944 F. Supp. 392, 394-95 (E.D. Pa. 1995), *aff'd aff'd*, 101 F.3d 690 (3d Cir. 1996).  The court held that "the entitlement to which [the employees] lay claim is a procedure through which the true substantive benefit, employment at a higher

level, is conveyed. ... [and] procedural interests under state law are not themselves property interests that will be enforced in the name of the Constitution." *Id.* at 395.

Regarding *Memphis Light*, I found that the opportunity Plaintiff was afforded by Rule 4009.21 to object to a subpoena was "not unlike the opportunity utility customers had to challenge service denials as not being for good cause" in *Memphis Light*. (Doc. 41, at 14 (citing 436 U.S. at 11)). Defendants distinguish the case on the ground that in *Memphis Light*, the property interest was not the opportunity to challenge service denials but rather the underlying substantive interest in utility service, which the Supreme Court described as a "necessity of modern life." (Reply Br., Doc. 45, at 2.) In the case at hand, they submit, there is no comparable underlying substantive property interest.

Rule 4009.21 affords litigants in Plaintiff's position the opportunity to object to a subpoena to produce documents and things that will be served on a third party before it is served. If the party objects, the objection is not simply noted in the record; rather, the subpoena "shall not be served," and "the court upon motion shall rule upon the objections and enter an appropriate order." PA. R. CIV. P. 4009.21(d). Despite being undisputedly procedural, the rule is a mechanism through which parties can protect underlying substantive interests, which appear to include those identified in Rule 4011, "Limitation of Scope of Discovery and Deposition," which provides that:

> "No discovery or deposition shall be permitted which (a) is sought in bad faith; (b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party; (c) is the beyond the scope of discovery as set forth in Rule 4003.1 through 4003.6; (d) is prohibited by any law barring disclosure of medication communications and medication documents; or (e) would require the making of an unreasonable investigation by the deponent or any party or witness."

6

P<small>A</small>. R. C<small>IV</small>. P. 4011.  Plaintiff, however, never claimed to have a legitimate claim of entitlement to any of these interests, and the question whether any of these interests are entitled to constitutional protection has not been argued by the parties.  In light of the law to which Defendants point, I conclude that I erred in holding that Plaintiff had a protected property interest in the opportunity to object to the subpoena.  As such, Defendants' motion will be granted.

## CONCLUSION

Because a state-created procedural right, in and of itself, is not entitled to constitutional protection, I will grant Defendants' motion.

February 13, 2008  
Date

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH J. CAMPBELL,

    Plaintiff,

v.

WEST PITTSTON BOROUGH, RALPH ZEZZA, CARL ROSENCRANCE, RAY RAMAGE, JOSEPH DELUCCA, DREW SMITH and WILLIAM ROWE,

    Defendants.

CIVIL ACTION NO. 3:06-CV-0387

(JUDGE CAPUTO)

## **ORDER**

**NOW**, this  13th  day of February, 2008, **IT IS HEREBY ORDERED** that:

(1) Defendants' Motion for Reconsideration is **GRANTED**.

(2) Defendants' Motion for Summary Judgment on the procedural due process claim in Count I of Plaintiff's Complaint is **GRANTED**.

                                    /s/ A. Richard Caputo  
                                    A. Richard Caputo  
                                    United States District Judge